[Cite as *State v. Ford*, 2012-Ohio-5050.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26466 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIC FORD | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 96 05 1198 |

DECISION AND JOURNAL ENTRY

Dated: October 31, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Eric Ford, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In 1996, Ford pleaded guilty to felonious assault with a firearm specification. The court sentenced him to a mandatory three years in prison for the firearm specification and ten to twenty-five years for felonious assault. The sentences were to be served consecutively, but concurrently with his federal sentence. The court further ordered that Ford "be conveyed to the Lorain Correctional Institution * * * to commence the prison intake procedure, and then returned to the federal authorities to begin serving his federal sentence."

{¶3} The federal authorities, however, would not take custody of Ford while he was being held in state prison. In 1999, Ford filed a motion to withdraw his guilty plea because he had not begun to serve his federal prison sentence, despite the court ordering the sentences to be

served concurrently. In an apparent effort to resolve the problem, the trial court vacated Ford's sentence, granted him bond "upon verification of a Federal holder," and ordered him released into federal custody. The court further ordered that Ford be returned for re-sentencing on July 1, 1999.

{¶4} On February 16, 2000, on its own motion, the court reinstated Ford's original sentence.[1] On May 2, 2012, Ford filed a motion for relief after judgment. The court denied his motion and Ford now appeals and raises three assignments of error for our review. To facilitate the analysis, we consolidate two of his assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT DENIED APPELLANT'S MOTION FOR RELIEF AFTER JUDGMENT AS AN UNTIMELY PETITION FOR POST-CONVICTION RELIEF, AND DID NOT ADDRESS THE SUBJECT MATTER JURISDICTION ISSUE WITHIN THE MOTION, BECAUSE IT RULED THE APPELLANT'S CLAIMS ARE BARRED BY RES JUDICATA[.]

Assignment of Error Number Two

APPELLANT'S SENTENCE IS VOID[.]

{¶5} In his first and second assignments of error, Ford argues that the court erred when it denied his motion for relief after judgment. Specifically, Ford argues that the trial court no longer had jurisdiction over him after it vacated his sentence and, as such, the court's reinstatement of his sentence is void and he should be released from prison. We agree that the court's reinstatement order is void, but disagree that the court erred in denying his motion for relief after judgment.

---

[1] The court incorrectly labeled this reinstatement entry as a nunc pro tunc order. On February 28, 2000, the court corrected the judgment entry by a nunc pro tunc.

{¶6} The validity of Ford's sentencing entry presents a question of law. We review questions of law de novo. *Ohio Bell Tel. Co. v. Pub. Util. Comm.*, 64 Ohio St.3d 145, 147 (1992). When reviewing a matter de novo, this Court does not give deference to the trial court's decision. *State v. Barclay*, 9th Dist. No. 25646, 2011-Ohio-4770, ¶ 8.

{¶7} Ford argues that his sentencing entry was vacated in 1999, therefore, the court did not have jurisdiction to resentence him in 2000. And because the resentencing entry was void, he argues, the court's nunc pro tunc entry on February 28, 2000, was also a nullity.

{¶8} The general rule is that a trial court has no authority to reconsider a valid, final judgment in a criminal case. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599 (1992). *See also State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, ¶ 9. "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus, *modified by State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204.

{¶9} Ford's original sentencing entry of December 19, 1996, was a final judgment. The entry: (1) stated that his conviction was based on his guilty plea, (2) sentenced him to a mandatory three years for the firearm specification to be served consecutively to a sentence of ten to twenty-five years for felonious assault, (3) was signed by the sentencing judge, and (4) was filed with the clerk of courts on December 23, 1996. Ford makes no argument, and the record contains no evidence, that this entry was invalid. Because this sentencing entry was a valid, final judgment in a criminal case, the trial court lacked the authority to vacate the sentence. *See State ex rel. Hansen* at 599.

**{¶10}** In light of the foregoing, we vacate the court's order vacating Ford's valid sentence and the court's subsequent orders reinstating his original sentence. The trial court's original sentencing entry journalized on December 23, 1996, remains valid.

<u>Motion for Relief from Judgment</u>

**{¶11}** The trial court denied Ford's motion for relief after judgment, finding that his claims were barred by res judicata and that his motion was, in effect, an untimely petition for post-conviction relief.

**{¶12}** Ford is correct in that the court's entry reinstating his sentence is void. However, this does not vacate his prior, valid sentence. The court's decision to deny Ford's request for release, therefore, was not an error. Accordingly, Ford's first and second assignments of error are overruled.

<u>Assignment of Error Number Three</u>

THIS COURT (APPELLATE) LACKS SUBJECT MATTER JURISDICTION
IN THIS CASE[.]

**{¶13}** In his third assignment of error, Ford argues that this Court is without subject matter jurisdiction because the sentencing entry is void.

**{¶14}** "A Court has inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." *State v. Bedford*, 184 Ohio App.3d 588, 2009-Ohio-3972, ¶ 12 (9th Dist.), quoting *Van DeRyt v. Van DeRyt*, 6 Ohio St.2d 31, 36 (1966). Ford's third assignment of error is overruled.

III

**{¶15}** Ford's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas denying Ford's motion for relief after judgment is affirmed. The order

of the Summit County Court of Common Pleas that vacates Ford's sentence and the court's subsequent orders reinstating his original sentence are vacated. The original sentencing entry journalized on December 23, 1996, remains valid.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

ERIC FORD, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.