[Cite as *State v. Lovett*, 2013-Ohio-3515.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

TERRANCE D. LOVETT

    Appellant

C.A. No.     26779

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 2012 07 2158 (A)

DECISION AND JOURNAL ENTRY

Dated: August 14, 2013

HENSAL, Judge.

{¶1} Appellant, Terrance D. Lovett, appeals from the judgment of the Summit County Court of Common Pleas. This Court dismisses for lack of jurisdiction because his appeal is untimely.

I.

{¶2} On July 19, 2012, Lovett was stopped by Twinsburg Police while driving his 1999 Jeep Grand Cherokee. He had a small amount of marijuana in his pocket. Lovett's backseat passenger, however, had two bags of marijuana in his possession. Lovett and the backseat passenger were arrested for drug trafficking. Police seized Lovett's Jeep Cherokee and $1,560.00 in cash that he had in his wallet. On September 7, 2012, he was indicted by the Grand Jury for one count of trafficking in marijuana, a fifth degree felony. The indictment also included two specifications that sought the forfeiture of Lovett's Jeep Grand Cherokee and the $1,560.00 in cash.

**{¶3}** On December 7, 2012, the prosecution amended count one of the indictment to the lesser included offense of possession of marijuana, a minor misdemeanor. Lovett pleaded guilty to the amended charge, and both forfeiture specifications were dismissed. The trial court ordered, inter alia, that the Jeep Grand Cherokee be returned to Lovett upon payment of tow yard storage fees. The order regarding the vehicle was part of the sentencing entry that was journalized on December 12, 2012.

**{¶4}** On December 13, 2012, Lovett filed a motion with the trial court seeking an order that the vehicle be released to him without him having to pay the fees. He further argued that the court should order the prosecution to pay the fees. On January 4, 2013, the trial court issued a judgment entry that denied Lovett's motion. Lovett filed the instant appeal on January 31, 2013, and raises one assignment of error for this Court to review.

II.

ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED BY ORDERING THE APPELLANT, TERRANCE D. LOVETT, TO PAY THE TOW YARD STORAGE FEES FOR HIS SEIZED VEHICLE.

**{¶5}** Lovett argues that because he was neither found guilty nor did he plead guilty to the trafficking charge, which gave rise to the specification that sought forfeiture of his Jeep, the trial court should not have ordered him to pay the towing and storage costs. Lovett states in his appellate brief that the towing and storage fees amounted to over $3,000.00. However, this Court lacks jurisdiction to reach the merits of his assignment of error because his appeal is untimely.

**{¶6}** Appellate Rule 3(A) states in part that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4."

Appellate Rule 4 provides that the notice of appeal must be filed within 30 days of the judgment or order appealed from unless the appealing party can establish an exception to the time limit. "This Court has recognized that 'this time requirement is jurisdictional and may not be extended. Where an untimely appeal has been filed, an appellate court lacks jurisdiction to consider the merits, and the appeal must be dismissed.'" *State v. Myers*, 9th Dist. Wayne No. 08CA0041, 2009-Ohio-2082, ¶ 7, quoting *Metro. Bank & Trust Co. v. Roth*, 9th Dist. Summit No. 21174, 2003-Ohio-1138, ¶ 15.

{¶7} Lovett's post-conviction motion sought an order from the trial court relieving him of the responsibility for paying the towing and storage fees as provided in the sentencing entry. Instead of filing a direct appeal of the December 12, 2012, sentencing entry, however, Lovett filed a motion asking the trial court to "reconsider" its order regarding the towing and storage fees. "The general rule is that a trial court has no authority to reconsider a valid, final judgment in a criminal case." *State v. Ford*, 9th Dist. Summit No. 26466, 2012-Ohio-5050, ¶ 8, citing *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599 (1992). "Accordingly, 'motions for reconsideration of a final judgment in the trial court are a nullity." *Myers* at ¶ 9, quoting *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981).

{¶8} Lovett's only assignment of error stems from his December 12, 2012 conviction. He did not, however, file a notice of appeal until January 31, 2013, which was beyond the 30-day time limit set forth in Appellate Rule 4. Lovett does not allege that the sentencing entry is not a final, appealable order or that one of the exceptions provided in Appellate Rule 4(B) is applicable. Therefore, this Court does not have jurisdiction to consider the merit of Lovett's assignment of error.

4

## III.

**{¶9}** Lovett's appeal is dismissed as untimely, and this Court has no jurisdiction to consider the merits of the appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOHN T. FORRISTAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.