[Cite as *State v. Dix*, 2014-Ohio-3330.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101007

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JOHN DIX

DEFENDANT-APPELLANT

## JUDGMENT:
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-523992-C

**BEFORE:** Keough, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 31, 2014

**APPELLANT**

John Dix, pro se
Inmate No. 582-294
Grafton Correctional Institution
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Joseph J. Ricotta
      Brett Hammond
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** In 2010, defendant-appellant, John Dix, was convicted of three counts of attempted murder and two counts of felonious assault. The trial court sentenced him to 18 years in prison. This court affirmed Dix's convictions on appeal but remanded for resentencing. *State v. Dix*, 8th Dist. Cuyahoga No. 94791, 2011-Ohio-472.

**{¶2}** In July 2011, the trial court held a resentencing hearing and again sentenced Dix to 18 years in prison. In October 2013, Dix filed a "motion for corrective sentence and void judgment," in which he argued that the trial court had failed to merge allied offenses at resentencing. The trial court denied Dix's motion. In January 2014, Dix filed a "motion for reconsideration for corrective sentence and void judgment," which the trial court denied on the basis that it had no authority to reconsider a final judgment. Dix now appeals the trial court's denial of his motion for reconsideration. We dismiss for lack of jurisdiction.

**{¶3}** It is well established that a trial court cannot reconsider a valid final judgment in a criminal case. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599, 589 N.E.2d 1324 (1992), citing *Brook Park v. Necak*, 30 Ohio App.3d 118, 506 N.E.2d 936 (8th Dist.1986). The Ohio Supreme Court has held that a motion for reconsideration after a final judgment in the trial court is a legal nullity, and therefore, any purported judgment or order from a motion for reconsideration is likewise a nullity. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 and 381, 423 N.E.2d 1105 (1981); *see also*

*Cleveland Hts. v. Richardson*, 9 Ohio App.3d 152, 154, 458 N.E.2d 901 (8th Dist.1983). Thus, in this case, Dix's appeal must be dismissed "because by its terms it is an appeal from a nullity." *State v. Guerra*, 2d Dist. Miami No. 96 CA 47, 1997 Ohio App. LEXIS 2179, *2 (May 23, 1997). *See also State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2009-Ohio-6707 (appeal from denial of motion for reconsideration dismissed for lack of a final, appealable order because trial court's judgment was a nullity).

{¶4} Furthermore, this court has jurisdiction to review, affirm, modify, or reverse "final orders" as defined by R.C. 2505.02. As relevant to this case, under R.C. 2505.02(B)(2), final appealable orders include "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." It is apparent that a ruling on a null filing cannot "affect a substantial right." Accordingly, the trial court's order denying Dix's motion for reconsideration is not an appealable order under R.C. 2505.02(B)(2), and this appeal must therefore be dismissed.

{¶5} Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR