[Cite as *State v. Anderson*, 2014-Ohio-5523.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                            :

      Plaintiff-Appellee,                        :

                                                                 No. 14AP-169

v.                                                          :                    (C.P.C. No. 07CR-06-4563)

Kim L. Anderson,                                      :                    (REGULAR CALENDAR)

      Defendant-Appellant.                    :

---

D E C I S I O N

Rendered on December 16, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for
appellee.

*Kim L. Anderson*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1}  Defendant-appellant, Kim L. Anderson, appeals from a judgment of the
Franklin County Court of Common Pleas.  Because we lack jurisdiction, we must dismiss
this appeal.

## I.  Factual and Procedural Background

{¶ 2}  In 2007, a grand jury indicted appellant with a number of charges arising
from his participation in a mortgage fraud scheme.  A jury found appellant guilty of a
number of the charges but could not reach a verdict on others.  The trial court sentenced
appellant accordingly and also ordered appellant to pay restitution to the victims.  This
court affirmed.  *State v. Anderson*, 10th Dist. No. 08AP-1071, 2009-Ohio-6566.

{¶ 3} Appellant subsequently began filing multiple postconviction motions seeking relief of one kind or another. The three motions that are relevant to this appeal are set forth here. First, on March 13, 2013, he filed a motion to file a delayed petition for postconviction relief pursuant to R.C. 2953.23 based upon newly-discovered evidence and misconduct of the prosecutor and several witnesses. Second, on September 9, 2013, appellant filed a "Plain Error Motion Pursuant to Crim.R. 52(B)" in which he alleged that a variety of errors caused his convictions and sentence to be void. Last, appellant alleges that he filed a motion for judgment on the pleadings on January 6, 2012. No such motion was filed that day, although the record reflects that appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) on that day.

{¶ 4} In a decision and entry dated January 14, 2014, the trial court denied various motions filed by appellant, specifically mentioning the September 9, 2013 motion for plain error. The trial court was clear that "all pending motions relating to this case that have been filed by this Defendant are OVERRULED."

{¶ 5} However, on January 22, 2014, appellant filed a motion in which he argued that the three motions described above were still pending. Two days later, on January 24, 2014, the trial court issued another decision and entry. The trial court noted that it believed it had resolved all of appellant's outstanding motions in its January 14, 2014 decision and entry. To be clear, however, the trial court reiterated that appellant's motions were all denied.

## II. Appellant's Appeal

{¶ 6} Appellant appeals from the January 24, 2014 decision and entry and assigns the following errors:

> [1.] The Trial Court Erred and abused its discretion by denying Appellant's Plain Error Motion pursuant to Crim. Rule 52(B); which was clearly defined under Crim. Rule 52(B) as a Post-Conviction Petition
>
> [2.] The Trial Court Erred and abused its discretion by not holding an Evidentiary Hearing on any of the Three (3) motions denied in its January 24, 2014 Order Appealed herein. Specifically, the Appellant was denied Due Process of law, when the trial court failed to even have an evidentiary hearing on the substantial issues raised and presented in Appellant's Plain Error Motion pursuant to Crim.Rule 52(B)

and Ineffective Assistance of Counsel filed on September 9, 2013; Motion for Delayed Post-Conviction Relief filed on March 13, 2013; and his Motion for Judgment on the Pleadings filed on January 6, 2012.

[3.] The Defendant-Appellant's convictions and sentence were tainted by prosecutorial misconduct in the form of fraud against the court as well as judicial misconduct by the trial judge; all of which denied Appellant a fair trial.

### 1. Appellant did not Timely Appeal from the Denial of his Various Motions

{¶ 7} Initially, the state argues that this court lacks jurisdiction to hear this appeal because appellant did not timely appeal from the correct entry. We agree.

{¶ 8} The trial court denied all of appellant's outstanding motions in a decision and entry dated January 14, 2014. Pursuant to App.R. 4(A), in order to vest this court with jurisdiction over his appeal, appellant was required to file a notice of appeal within 30 days of the trial court's judgment. *State v. Monroe*, 10th Dist. No. 10AP-839, 2012-Ohio-239, ¶ 7, citing *State v. Berry*, 10th Dist. No. 11AP-35, 2011-Ohio-3931, ¶ 8. He did not do so. His failure deprives this court of jurisdiction to hear an appeal from that entry. *Monroe* at ¶ 8; *State v. Kramer*, 10th Dist. No. 03AP-633, 2004-Ohio-2646, ¶ 6.

{¶ 9} Instead of appealing from the January 14, 2014 final judgment, appellant filed a timely appeal from the trial court's January 24, 2014 decision and entry. That decision, however, was in response to appellant's January 22, 2014 motion which, at best, was a request for the trial court to reconsider its January 14, 2014 denial of his outstanding motions. Because the trial court's January 14, 2014 decision was a final judgment, the motion for reconsideration is a nullity, as is any judgment resulting from the motion. *Kramer* at ¶ 7; *State v. Harris*, 11th Dist. No. 2011-L-127, 2011-Ohio-5600, ¶ 11. Accordingly, appellant could not appeal from the January 24, 2014 judgment and entry. *State v. Keith*, 9th Dist. No. 08CA009362, 2009-Ohio-76, ¶ 8; *State v. Dix*, 8th Dist. No. 101007, 2014-Ohio-3330, ¶ 3; *State v. Steele*, 10th Dist. No. 05AP-92, 2005-Ohio-4786, ¶ 11.

### III. Conclusion

{¶ 10} The trial court's January 14, 2014 decision and entry denying all of appellant's outstanding motions was a final judgment. Appellant had 30 days to appeal

that judgment.  Because appellant failed to timely file an appeal from that judgment, we must dismiss this appeal for lack of jurisdiction.

*Appeal dismissed.*

TYACK and DORRIAN, JJ., concur.

_____