[Cite as *State v. Calo*, 2023-Ohio-1289.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111958 |
| v. | : | |
| DENNIS CALO, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 20, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-83-186387-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, *for appellee*.

Dennis Calo, *pro se*.

SEAN C. GALLAGHER, J.:

{¶ 1} Dennis Calo appeals the judgment denying a motion to vacate his 1984 convictions stemming from the aggravated murder of Thomas Kowal and Kim

Shusta. *State v. Calo*, 8th Dist. Cuyahoga Nos. 49159 and 49215, 1985 Ohio App. LEXIS 8032, 1 (June 13, 1985).[1] There is no merit to this appeal.

{¶ 2} The facts of the underlying convictions are largely irrelevant to the procedural posture of this appeal. It suffices that Calo and an accomplice, who was tried separately, shot and killed Kowal and Shusta at the time of a drug transaction. The state originally charged Calo with the murders in 1978, but upon the state's request, the charges were nolled. In general terms, a "nolle prosequi is merely a withdrawal of the indictment, which if done before jeopardy has attached, does not prohibit reindictment." *State v. Holden*, 8th Dist. Cuyahoga No. 53786, 1987 Ohio App. LEXIS 9158, 2 (Oct. 15, 1987), quoting *State v. Dixon*, 14 Ohio App.3d 396, 397, 471 N.E.2d 864 (8th Dist.1984). As a result of that general proposition, in 1983 Calo was indicted with the aggravated murder charges mirroring those that were previously nolled. Throughout the underlying proceedings, Calo maintained that the second prosecution violated his speedy trial rights based on the five-year delay between cases. No court found in his favor. *See Calo.*

{¶ 3} Thirty-five years after his conviction, Calo filed a motion to vacate his "illegal convictions," claiming that the indictment issued in 1983 violated the Fifth and Fourteenth Amendments to the Constitution. Calo contends that the first case

---

[1] This is not Calo's first attempt to challenge his convictions following his direct appeal. *See, e.g., State v. Calo*, 8th Dist. Cuyahoga No. 62980, 1993 Ohio App. LEXIS 4489, 1 (Sept. 23, 1993); *State ex rel. Finnerty v. Custodian of Records*, 96 Ohio App.3d 569, 570, 645 N.E.2d 780 (8th Dist.1994); *State ex rel. Richard v. Mohr*, 10th Dist. Franklin No. 11AP-780, 2012-Ohio-4413; *Richard v. Mohr*, S.D.Ohio No. 2:13-cv-1013, 2014 U.S. Dist. LEXIS 8322 (Jan. 23, 2014).

was effectively dismissed with prejudice, barring all later proceedings arising from the facts and circumstances of his murdering Kowal and Shusta. In furtherance of that claim, Calo essentially claimed that his trial attorney rendered ineffective assistance by not preserving this constitutional challenge. Calo's motion to vacate his convictions, however, did not include any discussion regarding whether the trial court possessed jurisdiction to consider the merits of the arguments advanced therein.

{¶ 4} "Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 9. That court's continuing jurisdiction to act in postconviction proceedings is, therefore, limited. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 30; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 23; *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. There must be a jurisdictional basis for the trial court to act or to decide the issue being presented following the exhaustion of appellate remedies in a criminal proceeding. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 38-39; *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151. If a trial court lacks jurisdiction to consider postconviction motions, "any ruling on such a motion is a nullity." *State ex rel. Dobson v. Handwork*, 159 Ohio St.3d 442, 2020-Ohio-1069, 151 N.E.3d 613, ¶ 16, citing *State v. Dix*, 8th Dist. Cuyahoga No. 101007, 2014-Ohio-3330, ¶ 3; *State*

*v. Ford*, 9th Dist. Summit No. 26466, 2012-Ohio-5050, ¶ 8-10; *State v. Wilson*, 10th Dist. Franklin Nos. 05AP-939, 05AP-940, and 05AP-941, 2006-Ohio-2750, ¶ 9.

{¶ 5} If the trial court lacks continuing jurisdiction to consider the constitutional validity of the final entry of conviction, an appellate court will likewise be unable to address the merits of the constitutional question advanced because appellate review is limited to reviewing whether the trial court properly assessed its jurisdiction. *State v. Gamble*, 2021-Ohio-1810, 173 N.E.3d 132, ¶ 14 (8th Dist.). Accordingly, the first step in this analysis is to properly frame Calo's postconviction motion to determine whether the trial court maintains continuing jurisdiction to consider the merits of the arguments.

{¶ 6} A defendant can invoke the trial court's continuing jurisdiction following the issuance of a final sentencing entry in several ways; for example, through the (1) filing a motion to correct a void judgment; (2) filing a timely or successive petition for postconviction relief under R.C. 2953.21; (3) filing a motion for a new trial under Crim.R. 33; or (4) filing a post-sentence motion to withdraw a plea under Crim.R. 32.1. Although Calo captioned his motion as one seeking to vacate an illegal conviction, the state recasts Calo's motion as a petition for postconviction relief based on the fact that Calo has not claimed, much less demonstrated, that his conviction is void. According to the state, Calo's sole argument is that his conviction is voidable based on his trial counsel's purported ineffectiveness for the failure to timely raise a double jeopardy argument against the proceeding that resulted in Calo's final convictions.

{¶ 7} The state's framing of the motion is accurate. Calo is not claiming that his conviction is void as contemplated under *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 30, in that the trial court lacked subject-matter jurisdiction over the criminal proceedings, for the purposes of invoking the trial court's inherent authority to vacate a void conviction. The Ohio Supreme Court, albeit through a fractured opinion, has held the constitutional challenges do not render a conviction void such that the trial court inherently maintains continuing jurisdiction to consider challenges to conviction during the offender's continued incarceration. *See generally Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151 (the separate opinions all agreed that a rule-based or statutory mechanism must be used to invoke the trial court's continuing jurisdiction in postconviction proceedings with only one dissenting justice claiming the constitutional challenge belatedly advanced would have rendered the conviction void for the purposes of invoking the trial court's continuing jurisdiction). The conviction is potentially voidable based on the newly found constitutional argument, but that argument must be advanced through the proper invocation of the trial court's continuing jurisdiction over a final conviction. *Id.*

{¶ 8} When faced with the potential miscaptioning of a postconviction motion, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *Parker* at ¶ 16, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 2. Without recasting his motion as a petition for postconviction relief, the inquiry

would be at its end; the trial court lacked jurisdiction to vacate the convictions that were merely voidable based on the constitutional arguments presented.[2] *See generally Harper; Parker.* Although captioned incorrectly, Calo's motion must be construed as a petition for postconviction relief for the purposes of determining whether the trial court possessed jurisdiction to consider the merits of Calo's arguments.

{¶ 9} The crux of his latest motion focuses on whether Calo's trial counsel rendered ineffective assistance by failing to preserve an argument to dismiss the second prosecution based on double jeopardy principles. In statutory context, his claim focuses on the alleged denial or infringement of his rights that would render his conviction voidable under the Ohio or federal Constitutions. R.C. 2953.21(A)(1)(a)(i). "[W]hether a trial court has subject-matter jurisdiction to entertain an untimely, second, or successive petition for postconviction relief is a question of law," which is reviewed de novo. *State v. Hatton*, Slip Opinion No. 2022-Ohio-3991, ¶ 38, citing *Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 24.

{¶ 10} Calo's postconviction motion, filed 35 years following his convictions, is definitively late. *Hatton* at ¶ 37; R.C. 2953.21(A)(2). As a result, Calo must

---

[2] The absence of a timely objection to the subsequent prosecution constitutes waiver of the double jeopardy defense in that proceeding. *Peretz v. United States*, 501 U.S. 923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991), citing *United States v. Bascaro*, 742 F.2d 1335, 1365 (11th Cir.1984). Thus, the proper mechanism to advance the failure to timely preserve the forfeited argument is through an ineffective assistance of counsel claim through Ohio's postconviction relief statutory scheme.

demonstrate that he was unavoidably prevented from the discovery of the facts upon which his relief relies or is based on a new federal or state right as recognized by the United States Supreme Court. R.C. 2953.23(A)(1). He must also demonstrate by clear and convincing evidence that but for the error at trial, no reasonable factfinder would have found him guilty. *Id.*

{¶ 11} Based on the arguments presented, Calo has not demonstrated that his motion satisfies the statutory criteria necessary to invoking the trial court's continuing jurisdiction to review the merits of the belated or successive petition for postconviction relief. Instead, Calo focuses on the merits of his argument without demonstrating the existence of a newly identified state or federal right recognized by the United States Supreme Court or any new facts from which his claim arises. Without establishing that the trial court maintained continuing jurisdiction to review the motion, construed as a belated or successive petition for postconviction relief based on the arguments presented, the trial court had no authority to do anything but deny the postconviction motion for the want of jurisdiction. There is no error.

{¶ 12} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY J. BOYLE, J., CONCUR