[Cite as *DiSanto v. United States Steel Corp.*, 2026-Ohio-462.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FREDERICK D. DISANTO, ET AL., :

    Plaintiffs-Appellees, :

                                          No. 115241

    v. :

UNITED STATES STEEL
CORPORATION, ET AL., :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 12, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-115263

---

### *Appearances:*

Thrasher, Dinsmore & Dolan LPA, Leo M. Spellacy, Jr. and Samuel T. O'Leary, *for appellees*.

Matasar Jacobs LLC, Mark R. Jacobs and Ethan Clark, *for appellant* Nippon Steel North America, Inc.

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellants Nippon Steel North America, Inc. ("Nippon") appeals the trial court's denial of its motions for permission for its attorneys to appear pro hac

vice in the underlying case. For the reasons that follow we reverse the trial court's denial and remand the matter.

**Facts and Procedural History**

{¶ 2} On April 7, 2025, plaintiffs-appellees Frederick D. DiSanto and Ancora Holdings Group, L.L.C. ("appellees") filed a lawsuit against 17 defendants including Nippon alleging defamation claims. Shortly after filing their complaint, appellees filed three motions for three attorneys to appear pro hac vice on their behalf. The trial court granted permission for these attorneys to appear.

{¶ 3} On May 20, 2025, all defendants other than Nippon, represented by the same firm, filed three motions requesting permission for their attorneys to appear in the action pro hac vice on their behalf. The trial court granted permission for all three attorneys to appear.

{¶ 4} On May 28, 2025, Nippon filed three motions requesting permission for three attorneys to appear pro hac vice on its behalf. These motions were unopposed. The trial court denied all three motions the same day they were filed stating:

> Defendant . . . motions for additional pro hac vice counseil [sic] are denied. The court has permitted numerous pro hac vice attorneys. No further requests will be considered absent some compelling reason for additional pro hac vice counsel for any party.

{¶ 5} The next day Nippon filed a "supplemental brief" detailing its compelling reason for the trial court to reconsider its decision and grant its motions

for permission to appear pro hac vice, which was also unopposed. The trial court denied this "motion to reconsider" stating:

> Motion to reconsider is denied. Ropes & Gray has already entered a notice of appearaance [sic] for Nippon Steel through attorney Perrone who is licensed in Ohio.

{¶ 6} Nippon appeals the denials of its motions for permission to appear pro hac vice raising one assignment of error for our review:

> The trial court abused its discretion by denying Nippon Steel's motions for its out-of-state attorneys to appear pro hac vice.

**Law and Argument**

{¶ 7} "The right to counsel of one's own choosing is a substantial right." *Shen v. Minh Lam*, 2015-Ohio-3321, ¶ 19 (1st Dist.), citing *Russell v. Mercy Hosp.*, 15 Ohio St.3d 37, 39 (1984). This right is balanced with the court's "inherent power to regulate the practice [of law] before it and protect the integrity of its proceedings." *Royal Indemn. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 33-34 (1986).

{¶ 8} Attorneys admitted to practice in other states but not admitted to practice in Ohio do not have a right to practice in courts in Ohio, but they may be permitted to appear in an action by the court pro hac vice, meaning "for this occasion or particular purpose." *Krugliak, Wilkins, Griffiths & Dougherty Co. L.P.A. v. Lavin*, 2020-Ohio-3123, ¶ 18 (5th Dist.), citing *Royal* at 33.

{¶ 9} In 2011, the Ohio Supreme Court adopted Gov.Bar R. XII, which sets forth the standard procedure and fee structure for admitting out-of-state attorneys.

Attorneys seeking to appear pro hac vice must comply with the requirements set forth in such rule.

{¶ 10} Relevant to this case, Gov.Bar R. XII states, "An attorney is eligible to be granted permission to appear pro hac vice if: (a) The attorney neither resides in nor is regularly employed at an office in this state . . . ."

{¶ 11} Pursuant to Gov.Bar R. XII, the motion and affidavit seeking permission to appear pro hac vice must contain the following information:

(A) The attorney's residential address, office address, and the name and address of the attorney's law firm or employer, if applicable;

(B) The jurisdictions in which the attorney has ever been licensed to practice law, including the dates of admission to practice, resignation, or retirement, and any attorney registration numbers;

(C) An affidavit stating that the attorney has never been disbarred and whether the attorney is currently under suspension or has resigned with discipline pending in any jurisdiction the attorney has ever been admitted;

(D) A statement that the attorney has not been granted permission to appear pro hac vice in more than three proceedings before Ohio Tribunals in the current calendar year pursuant to Section 2(A)(5);

(E) The name and attorney registration number of an active Ohio attorney, in good standing, who has agreed to associate with the out-of-state attorney.

{¶ 12} "A denial of a motion to admit counsel pro hac vice is final and appealable under R.C. 2505.02(B)(4)." *Spitz v. St. Luke's Med. Ctr.*, 2007-Ohio-1448, ¶ 9 (8th Dist.), citing *Westfall v. Cross*, 144 Ohio App.3d 211 (7th Dist. 2001).

{¶ 13} We review the trial court's decision of whether to permit representation by out-of-state counsel in an Ohio court under an abuse-of-

discretion standard. *Spitz* at ¶ 8, citing *State v. Ross*, 36 Ohio App.2d 185 (10th Dist. 1973); *D. H. Overmyer Co. v. Robson*, 750 F.2d 31 (6th Cir. 1984).

**{¶ 14}** "An abuse of discretion 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). A court commits an abuse of discretion by "exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶ 15}** As articulated in other courts, and as adopted by our court in *Spitz* at ¶ 12-13, there are several nonexhaustive factors to be utilized by the trial court when determining whether or not to admit an attorney pro hac vice: (1) whether a long-standing close personal relationship exists between the party and the out-of-state counsel; (2) whether the out-of-state counsel is the customary counsel for the party in jurisdictions where such out-of-state counsel is admitted to practice; (3) whether competent counsel admitted to practice in Ohio is available to represent the party in the case; (4) the age of the case at the time the pro hac vice motion was filed; (5) the nature of the litigation; (6) the complexity of the litigation; (7) the burden on the nonmoving party and court if new counsel was permitted to appear; (8) the prejudice to the moving party if the motion was denied; (9) the interest of the litigant in choosing counsel; (10) the prejudice to the party opposing the pro hac vice motion; and (11) the ability of the court to maintain the orderly administration of justice.

{¶ 16} There is no dispute that Nippon's attorneys satisfied the requirements of Gov.Bar R. XII making them eligible to appear pro hac vice. We again note that Nippon's motions for pro hac vice admission were unopposed in the trial court, and on appeal, appellees state clearly in their brief that they "take no position on . . . the merits of Nippon's contention that the trial court abused its discretion by denying Nippon's pro hac vice motions." Furthermore, the trial court had already approved six attorneys to appear pro hac vice, three for appellees and three for the defendants, other than Nippon.

{¶ 17} Therefore, we review the trial court's rationale for denying Nippon's motions.[1] The trial court's stated reasoning in its journal entry is that "[t]he court has permitted numerous pro hac vice attorneys." It is unclear what this rationale has to do with Nippon's motions since granting permission for attorneys to appear pro hac vice for other parties has no legal bearing on whether Nippon's motions should be granted or denied. This rationale does not support a decision to deny a party's motion for pro hac vice. This decision also fails to apply any of the *Spitz* factors listed above.

---

[1] We review only the trial court's May 28, 2025 judgment denying Nippon's motions and not the May 29, 2025 judgment denying the supplemental briefing/motion for reconsideration since these were legal nullities filed after the May 28 judgment which was a final judgment. *See State v. Dix*, 2014-Ohio-3330, ¶ 3 (8th Dist.) ("The Ohio Supreme Court has held that a motion for reconsideration after a final judgment in the trial court is a legal nullity, and therefore, any purported judgment or order from a motion for reconsideration is likewise a nullity.") citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 and 381 (1981).

{¶ 18} A trial court's failure to provide any rationale to support its decision to deny a pro hac vice motion constitutes an abuse of discretion. *See Restless Noggins Mfg., LLC v. Suarez Corp. Indus.*, 2016-Ohio-3024, ¶ 29 (5th Dist.) (finding the trial court abused its discretion when it failed to provide any rationale to support its decision to deny the pro hac vice motions); *State v. Roble*, 2006-Ohio-328, ¶ 16 (6th Dist.) (finding an abuse of discretion when the trial court gave no reason for denying the party's motion for pro hac vice and that absent any viable explanation from the trial judge the decision was arbitrary and unreasonable); *In re Estate of Ramun*, 2007-Ohio-3150, ¶ 15 (7th Dist.) (Trial court's failure to address the factors to consider for pro hac vice admission and the lack of rationale in its decision constituted an abuse of discretion [and] "[i]n order for the trial court to [deny] Appellant's request, the decision must be supported by a fairly strong rationale to withstand appellate review, and yet, there is no rationale at all given by the court.").

{¶ 19} We similarly find in this case that the trial court's decision lacked any rationale to support it. We also find that there is no evidence in the record that the trial court considered any of the factors this court instructed trial courts to apply when ruling on motions for pro hac vice. As such we find the trial court's decision here was arbitrary, unreasonable and unwarranted and was, therefore, an abuse of discretion.

{¶ 20} Nippon's assignment of error is sustained.

**{¶ 21}** Judgment is reversed and the matter is remanded to the trial court to issue a journal entry granting Nippon's motions.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR