DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Richard Haught, appeals from the judgment of the Summit County Court of Common Pleas. This Court vacates the judgment.
 I. {¶ 2} On May 5, 2006, Appellant was acquitted on one count of involuntary manslaughter, and convicted on one count of assault. On May 11, 2006, the trial court entered its order sentencing Appellant to six months incarceration. Appellant's sentence was suspended and he was placed on one year probation which included certain terms and conditions.
 {¶ 3} On June 8, 2006, Appellant filed a motion to modify the conditions of his probation, asserting that the terms of his probation were overly broad. Appellant contended that the probationary language failed to notify him of his restrictions and unreasonably interfered with his right to lawful association. On June 9, 2006, Appellant filed a timely notice of appeal from the court's judgment. The trial court entered an order on June 16, 2006 modifying the language of its May 11, 2006 order. Appellant then timely filed an amended notice of appeal from that order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"A CONDITION OF COMMUNITY CONTROL DIRECTING THAT `DEFENDANT SHALL NOT ASSOCIATE WITH ANYONE UNDER THE AGE OF EIGHTEEN YEARS OLD UNLESS THERE IS A FAMILIAL RELATIONSHIP BETWEEN THE MINOR AND THE DEFENDANT' IS TOO VAGUE TO SUSTAIN CONSTITUTIONAL AND STATUTORY SCRUTINY."
 {¶ 4} In his sole assignment of error, Appellant contends that the trial court's amended conditions of probation are too vague to sustain constitutional and statutory scrutiny.
 {¶ 5} Because this Court finds that the trial court had no authority to amend the conditions of Appellant's probation during the pendency of his first appeal, we vacate the judgment from which Appellant now appeals.
 {¶ 6} The Ohio Supreme Court has succinctly addressed the issue:
 "An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. State ex rel. Special Prosecutors v. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, 97. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from. Id.; Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. The adjudication of a child during the pendency of an appeal interferes and is inconsistent with the jurisdiction of the appellate court. Therefore, we hold that a juvenile court lacks jurisdiction to proceed with an adjudication of a child after a notice of appeal has been filed from an order of that court.
 "Furthermore, the determination as to the appropriateness of an appeal lies solely with the appellate court. A juvenile judge has no authority to determine the validity or merit of an appeal. In re Terrance P. (1997), 124 Ohio App.3d 487, 489 ('the trial court does not have any jurisdiction to consider whether the person has validly invoked the jurisdiction of the appellate court')." In re S.J., 106 Ohio St.3d 11, 2005-Ohio-3215, at ¶¶ 9-10.
 {¶ 7} In this case, Appellant filed a motion to modify the conditions of his probation on June 8, 2006. On June 9, 2006, Appellant filed a timely notice of appeal. The trial court found merit in Appellant's motion to modify and accordingly entered an order on June 16, 2006, modifying the terms of his probation. The trial court proceeded to consider Appellant's motion to modify during the pendency of the appeal. Appellant's notice of appeal, however, divested the court of any jurisdiction to proceed with the modification of his probation during the pendency of his initial appeal.
 {¶ 8} Because the court acted without jurisdiction by modifying Appellant's probation during the pendency of his initial appeal as though the matter remained on the court's active docket, the trial court's order modifying the conditions of Appellant's probation entered on June 16, 2006 is void. Accordingly, this Court vacates the trial court's judgment.
 III. {¶ 9} This Court declines to address Appellant's assignment of error. The judgment of the Summit County Court of Common Pleas is vacated for lack of jurisdiction.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)