THE STATE EX REL. HILLMAN, APPELLANT, *v.* HOLBROOK, JUDGE, APPELLEE.

[Cite as *State ex rel. Hillman v. Holbrook,*

**129 Ohio St.3d 126, 2011-Ohio-3090.]**

*Appeal from dismissal of a petition for a writ of procedendo — Acts requested had already been performed — Judgment affirmed.*

(No. 2011-0427 — Submitted June 21, 2011 — Decided June 29, 2011.)

APPEAL from the Court of Appeals for Franklin County, No. 10AP-552.

_____

**Per Curiam.**

{¶ 1}   We affirm the judgment of the court of appeals denying the request of appellant, Robert L. Hillman, for a writ of procedendo to compel appellee, Franklin County Court of Common Pleas Judge Michael J. Holbrook, to rule on certain motions in *Hillman v. Edwards*, Franklin C.P. No. 09CVA09-13707. Judge Holbrook ruled on the motions on September 9, 2010.  His performance of the acts requested by Hillman rendered the procedendo claim moot.  See *State ex rel. Howard v. Skow*, 102 Ohio St.3d 423, 2004-Ohio-3652, 811 N.E.2d 1128, ¶ 9.

{¶ 2}   Moreover, the court of appeals did not err in denying Hillman's motion for an order for its magistrate to show cause why she should not be held in contempt of court for granting Judge Holbrook's motion for leave to immediately file his answer to Hillman's complaint in procedendo.  There is no evidence that the magistrate violated any court order in her ruling.  And even had the court of appeals determined that the judge did not submit a timely response to the complaint, a default judgment in Hillman's favor on his procedendo claim would not have been appropriate.  See *State ex rel. Winnick v. Gansheimer*, 112 Ohio St.3d 149, 2006-Ohio-6521, 858 N.E.2d 409, ¶ 7; Civ.R. 55(D) (a default

judgment may be entered against the state only if the "claimant establishes his claim or right to relief by evidence satisfactory to the court").

**{¶ 3}** We deny Hillman's motion to proceed to judgment pursuant to S.Ct.Prac.R. 6.7, because although appellee failed to file a timely merit brief, reversal of the court of appeals' judgment is not warranted because Hillman's brief does not "reasonably appear[] to sustain reversal." See *State ex rel. Keith v. McMonagle*, 106 Ohio St.3d 61, 2005-Ohio-3669, 831 N.E.2d 433, fn. 1.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Robert L. Hillman, pro se.

_____