[Cite as *State v. Dunning*, 2014-Ohio-253.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO, : 

                                                             CASE NOS. CA2013-05-048

        Plaintiff-Appellee, :                                CA2013-06-058

                                     :                       O P I N I O N

    - vs -                                                1/27/2014

                                       : 

JEFFREY DUNNING, : 

        Defendant-Appellant. : 

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CR28952

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Brian Scott Hicks, P.O. Box 359, Lebanon, Ohio 45036, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Jeffrey Dunning, appeals from the five-year sentence he received in the Warren County Court of Common Pleas following his guilty plea to illegal possession or assembly of chemicals for the manufacture of drugs and aggravated possession of drugs. For the reasons outlined below, we affirm in part, reverse in part and remand for further proceedings.

{¶ 2} On February 11, 2013, the Warren County grand jury returned a seven-count

indictment charging Dunning with, among other things, illegal possession or assembly of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a third-degree felony, and aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony.

{¶ 3}   After entering into a plea agreement, Dunning pled guilty to both of the above named charges on April 26, 2013.  Following his guilty plea, the trial court sentenced Dunning to an aggregate five-year prison term.  Finding Dunning to be indigent, the trial court also waived the imposition of fines, court costs and the costs of his court-appointed attorney.  Dunning filed a timely notice of appeal with this court on May 20, 2013 in Case No. CA2013-05-048.

{¶ 4}   While the appeal in Case No. CA2013-05-048 was pending before this court, the trial court – concluding it had erred in its original sentencing decision – held a resentencing hearing on June 6, 2013.  Following the resentencing hearing, Dunning was resentenced to serve a total of three years in prison.  However, although originally waiving court costs at his original sentencing hearing, the trial court also ordered Dunning to pay court costs.  An entry resentencing Dunning was then filed on June 10, 2013.

{¶ 5}   On June 20, 2013, Dunning filed a second notice of appeal with this court in Case No. CA2013-06-058.  Dunning's two appeals were then consolidated on July 11, 2013. *State v. Dunning*, 12th Dist. Warren Nos. CA2013-05-048 and CA2013-06-058 (July 11, 2013) (Entry of Consolidation).  Dunning's consolidated appeal is now before this court, raising a single assignment of error for review.

{¶ 6}   THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION BY IMPOSING COURT COSTS AT RE-SENTENCING WHEN THE COURT HAD WAIVED SUCH COSTS AT THE FIRST SENTENCING.

{¶ 7} In his single assignment of error, Dunning argues the trial court erred by imposing court costs upon resentencing. However, without providing any opinion as to whether court costs may be imposed, for the reasons outlined below, we find this matter must be reversed and remanded to the trial court for the limited purpose of resentencing Dunning according to law.

{¶ 8} Pursuant to R.C. 2505.04, an appellant perfects his appeal by filing a notice of appeal. Once this occurs, "the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Sullivan v. Ramsey*, 124 Ohio St.3d 355, 2010-Ohio-252, ¶ 17; *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44 (1990). This includes the trial court's ability to resentence a defendant to correct a sentencing error while his appeal is still pending. *See, e.g., State v. Triplett*, 4th Dist. Lawrence No. 11CA3, 2011-Ohio-5431, ¶ 6 (finding trial court's decision to resentence appellant to correct a sentencing error while his appeal was still pending was improper and inconsistent with appellate court's jurisdiction to reverse, modify, or affirm the sentence); *State v. Gordon*, 3d Dist. Union Nos. 14-98-52 and 14-98-60, 1999 WL 446093, *5 (June 17, 1999) (finding trial court acted in a matter inconsistent with appellate court when it resentenced defendant while an appeal related to his sentence was pending).

{¶ 9} As noted above, Dunning filed his first notice of appeal with this court on May 2, 2013. Nevertheless, the trial court held a hearing and resentenced Dunning on June 6, 2013. It is undisputed the trial court in this case was merely attempting to correct an error in its sentencing decision. In fact, during the resentencing hearing, the trial court specifically stated:

> Now I'm not trying to talk you out of an appeal, you're welcome to
> appeal but it sounds to me like what you're appealing is that you

got too long of a sentence and I'm agreeing with you and I'm attempting to correct your sentence.

{¶ 10} However, even where the trial court is correct in its determination that an error has occurred, "the determination as to the appropriateness of an appeal lies solely with the appellate court." *Triplett* at ¶ 7, quoting *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 10. Simply stated, a trial court has no authority to determine the validity or merit of an appeal. *Id.* In short, by resentencing Dunning while Case No. CA2013-05-048 was still pending before this court, the trial court inhibited our ability to affirm, reverse, or modify the trial court's judgment. Therefore, because the trial court lacked jurisdiction to resentence Dunning while his original appeal was still pending, we find the trial court's resentencing hearing was a nullity and the entry resentencing Dunning in Case No. CA2013-06-058 must be vacated. *See State v. Liso*, 12th Dist. Brown No. CA2012-08-017, 2013-Ohio-4759, ¶ 38; *see also State v. Hopkins*, 6th Dist. Lucas No. L-10-1127, 2011-Ohio-4144, ¶ 10.

{¶ 11} That said, issues remain regarding the trial court's original decision sentencing Dunning to an aggregate five-year prison term. After a thorough review of the record, we find the trial court erred by sentencing Dunning to serve five years in prison resulting from his guilty plea to illegal possession or assembly of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a third-degree felony. At the time of his original sentencing hearing, the maximum prison sentence for a third-degree felony was three years in prison. Therefore, the trial court's original sentencing decision in Case No. CA2013-05-048 is reversed and this matter is remanded for the sole purpose of resentencing Dunning according to law. Dunning's conviction is affirmed in all other respects. In making this decision, this court takes no position on whether the trial court may order Dunning to pay court costs upon remand for resentencing.

{¶ 12} Judgment affirmed in part, reversed in part and remanded for the limited

purpose of resentencing.

HENDRICKSON, P.J., and RINGLAND, J., concur.