**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dobson v. Handwork*, Slip Opinion No. 2020-Ohio-1069.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1069

THE STATE EX REL. DOBSON, PROSECUTING ATTORNEY, *v.* HANDWORK, JUDGE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dobson v. Handwork*, Slip Opinion No. 2020-Ohio-1069.]**

*Prohibition—Once judgment of sentence has been appealed, trial court loses jurisdiction except to take action in aid of the appeal—Because defendant had filed notice of appeal from judgment of sentence, trial court did not have jurisdiction to rule on defendant's postjudgment motions to modify judgment of sentence—Writ of prohibition granted.*

(No. 2019-1198—Submitted December 10, 2019—Decided March 26, 2020.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} Relator, Wood County Prosecuting Attorney Paul A. Dobson, seeks a writ of prohibition against respondent, Judge Peter M. Handwork, who presided in *State v. Schuman*, Wood C.P. case Nos. 2017-CR-0501, 2018-CR-0063, and 2018-

CR-0160. In those criminal cases, Judge Handwork found Andrew R. Schuman guilty of seven felony counts and sentenced him to community control, which included a 45-day jail term.

{¶ 2} After entry of the judgment of sentence and the filing of Schuman's appeal from it, Judge Handwork considered two motions filed by Schuman and issued two orders modifying the judgment of sentence. Dobson seeks a writ of prohibition to vacate the two postjudgment orders and to prohibit any further exercise of jurisdiction by Judge Handwork except in aid of the appeal and asks us to order that the costs of this action be paid by Judge Handwork. Because Judge Handwork did not file an answer, Dobson has also filed a motion for default judgment. No response to the motion has been filed.

{¶ 3} Based on our review of the amended complaint and the exhibits attached to it, we grant the motion for default judgment, and pursuant to S.Ct.Prac.R. 12.04(C), we issue a peremptory writ of prohibition.

## I. Facts

{¶ 4} The criminal cases against Schuman, who is an attorney, involved three consolidated indictments. On May 29, 2019, after a bench trial, Judge Handwork issued a judgment entry finding Schuman guilty of seven felony offenses. In case No. 2018-CR-0063, the judge found Schuman guilty of five counts of tampering with records, all third-degree felonies; one count of perjury, a third-degree felony; and one count of theft, a fifth-degree felony.[1] The judge acquitted Schuman of the counts alleged in the other two indictments.

{¶ 5} At the sentencing hearing, the judge discussed Schuman's community-control conditions, including the requirement that Schuman avoid contact with "other individuals on probation, parole, community control, or any

---

1. The same misconduct was the subject of a disciplinary proceeding against Schuman. *See Disciplinary Counsel v. Schuman*, 152 Ohio St.3d 47, 2017-Ohio-8800, 92 N.E.2d 850; *In re Schuman*, 156 Ohio St.3d 1482, 2019-Ohio-3216, 129 N.E.3d 448.

individual who has been convicted of [a] felony offense," with the only exception being "individuals in treatment or counseling, or those attending a 12-step support meeting, and only while in said meetings." Schuman's counsel pointed out that if Schuman returned to the practice of law, the no-contact condition would present "a significant problem" because Schuman had practiced criminal law. Counsel then asked the judge to modify the no-contact condition so that Schuman would be permitted to interact with such individuals in his professional capacity. The judge stated that he would take this request for a practice-of-law exception to the no-contact condition under advisement.

{¶ 6} On August 5, 2019, Judge Handwork issued a judgment of sentence imposing the three-year community-control sentence, which included a 45-day jail term and the above-quoted no-contact condition. The no-contact condition set forth in the judgment of sentence did not include the practice-of-law exception that Schuman's counsel had requested at the sentencing hearing.

{¶ 7} Schuman appealed the judgment of sentence to the court of appeals on August 7, 2019. That same day, Schuman filed a "motion to modify judgment of conviction," which asked the trial court to add a practice-of-law exception to the no-contact condition of community control.

{¶ 8} Dobson filed a response opposing the motion, arguing mainly that a trial court lacks authority to reconsider a final judgment in a criminal case and that by taking an appeal, Schuman had divested the trial court of "subject matter jurisdiction to do anything that might interfere with the appellate court's ability to affirm, modify, or reverse the judgment/order that is currently on appeal."

{¶ 9} Despite Dobson's objections, the trial court granted the motion on August 19, 2019. On August 23, Schuman moved for a reduction of his jail sentence from 45 to 21 days. On August 28, Judge Handwork issued an order reducing Schuman's jail sentence from 45 to 30 days.

{¶ 10} On August 29, 2019, Dobson filed this original prohibition action seeking to invalidate the two postjudgment orders. No answer has been filed. Dobson moved for default judgment, and Judge Handwork has not filed a response.

## II. The Default-Judgment Standard

{¶ 11} Civ.R. 55(D) bars entry of a default judgment against state and local officers "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." The term "officers" in Civ.R. 55(D) includes judges. *See Schucker v. Metcalf*, 10th Dist. Franklin No. 84AP-548, 1984 WL 5986, *2 (Nov. 15, 1984) (denying motion for default judgment in prohibition action against probate judge, citing Civ.R. 55(D)), *rev'd on other grounds*, 22 Ohio St.3d 33, 488 N.E.2d 210 (1986); *accord State ex rel. Hillman v. Holbrook*, 129 Ohio St.3d 126, 2011-Ohio-3090, 950 N.E.2d 549, ¶ 2 (denying default judgment against judge in procedendo action).

{¶ 12} In accordance with Civ.R. 55(D), the proper disposition of the motion for default judgment here is intertwined with the merits of the writ claim pursuant to S.Ct.Prac.R. 12.04(C). To the extent that the facts pleaded and verified in the complaint are sufficient from an evidentiary standpoint to establish Dobson's right to relief, the motion and the writ should both be granted. If, however, the complaint fails to establish Dobson's right to relief, the motion and the writ should be denied.

{¶ 13} We hold that the complaint sufficiently states and proves a claim for relief.

## III. The Judge Patently and Unambiguously Lacked Jurisdiction to Issue His Postjudgment Orders

{¶ 14} To demonstrate entitlement to a writ of prohibition, Dobson must show (1) that Judge Handwork has exercised judicial power, (2) that his exercise of judicial power is unauthorized by law, and (3) that denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law.

*State ex rel. Greene Cty. Bd. of Commrs. v. O'Diam*, 156 Ohio St.3d 458, 2019-Ohio-1676, 129 N.E.3d 393, ¶ 16. If the absence of jurisdiction is patent and unambiguous, there is no need to inquire into the existence of an adequate remedy at law. *Id.* at ¶ 26.

{¶ 15} Here, Judge Handwork clearly exercised judicial power. As discussed, the complaint refers to and has attached to it two orders that Judge Handwork issued after the judgment of sentence had been filed.

{¶ 16} Two principles show that Judge Handwork was not authorized by law to issue the two postjudgment orders. First, this court has stated that " 'trial courts lack authority to reconsider their own valid final judgments in criminal cases.' " *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 20, quoting *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997). It follows that because a trial court lacks jurisdiction to entertain a motion for reconsideration of a final criminal judgment, any ruling on such a motion is a nullity. *See State v. Dix*, 8th Dist. Cuyahoga No. 101007, 2014-Ohio-3330, ¶ 3; *State v. Ford*, 9th Dist. Summit No. 26466, 2012-Ohio-5050, ¶ 8-10; *State v. Wilson*, 10th Dist. Franklin Nos. 05AP-939, 05AP-940, and 05AP-941, 2006-Ohio-2750, ¶ 9.

{¶ 17} Second, "[o]nce a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. Here, both postjudgment orders were issued after Schuman had filed his notice of appeal. Schuman's filing of his notice of appeal on August 7, 2019, divested Judge Handwork of jurisdiction to rule on Schuman's postjudgment motions—with the result being that Judge Handwork's entries granting those motions are null and void. *See, e.g., State v. Thomas*, 8th Dist. Cuyahoga No. 103406, 2016-Ohio-8326, ¶ 8 (trial-court action taken after state prosecuted appeal in a criminal case was invalid); *State v. Dunning*, 12th Dist. Warren Nos. CA2013-05-048 and CA2013-06-058, 2014-Ohio-253, ¶ 8 (trial court

may not "resentence a defendant to correct a sentencing error while his appeal is still pending"); *State v. Haught*, 9th Dist. Summit No. 23265, 2007-Ohio-508, ¶ 8 (trial court acted without jurisdiction by modifying probation sentence during the pendency of appeal); *see also State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 24 (DeWine, J., concurring in judgment only) (trial court had no jurisdiction to act on remand order of court of appeals while appeal was pending in this court). The judge's postjudgment orders do not qualify as "in aid of the appeal" inasmuch as they do not address "collateral issues like contempt, appointment of a receiver and injunction." *State ex rel. Special Prosecutors v. Judges of the Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). Instead, both the postjudgment orders modified the very substance of the judgment of sentence under appeal; accordingly, the postjudgment orders here are "inconsistent with the jurisdiction of the appellate court" and are therefore void. *S.J.* at ¶ 9.

{¶ 18} Although Judge Handwork did say at the sentencing hearing that he would take Schuman's request for a modification of the no-contact order under advisement, this circumstance does not change the jurisdictional analysis. "A motion not expressly decided by the trial court when the case is concluded is ordinarily presumed to have been overruled." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 13; *State ex rel. Smith v. Wolaver*, 2d Dist. Greene No. 2017 CA 0014, 2017-Ohio-8190, ¶ 17 (applying the principle in the context of an appeal from a sentencing order). Thus, although the judge left the motion unresolved *at the sentencing hearing*, he did not do so in the *judgment of sentence*. Instead, by not including in the judgment of sentence any language regarding a practice-of-law exception to the no-contact condition of community control, he implicitly overruled the motion. The judgment of sentence therefore terminated the trial court's jurisdiction to consider that issue; as a result, at the time that Schuman moved for a modification of the judgment of sentence, "the motion

was no longer pending." *Fernandez v. Anheuser-Busch, Inc.*, 10th Dist. Franklin No. 01AP-1279, 2002-Ohio-3355, ¶ 19.

{¶ 19} The jurisdictional bar is as strong against the modified no-contact condition as it is against any issue expressly addressed in the judgment of sentence, and Judge Handwork had no jurisdiction to reconsider the no-contact condition during the pendency of the appeal. Moreover, the absence of jurisdiction is patent and unambiguous; as a result, no inquiry is needed into the existence of an adequate remedy at law. *Greene Cty. Bd. of Commrs.*, 156 Ohio St.3d 458, 2019-Ohio-1676, 129 N.E.3d 393, at ¶ 26.

### IV. Conclusion

{¶ 20} For the foregoing reasons, we grant Dobson's motion for default judgment and issue a peremptory writ of prohibition vacating Judge Handwork's August 19, 2019 and August 28, 2019 orders modifying Schuman's sentence. We also order Judge Handwork to refrain from any further exercise of jurisdiction in case No. 2018-CR-0063 apart from taking action in aid of the appeal or to execute a mandate from the court of appeals. Costs are taxed to Judge Handwork pursuant to S.Ct.Prac.R. 18.05(A)(2)(c).

Writ granted.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

———————————

David T. Harold and Maria Arlen B. de la Serna, Wood County Assistant Prosecuting Attorneys, for relator.

———————————