[Cite as *State ex rel. Peterson v. Miday*, 2020-Ohio-5515.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. DAMIEN L.
PETERSON,                                          :

      Relator,                                 :

                               No. 109982

      v.                                        :

HON. JUDGE SHERRIE M. MIDAY,      :

      Respondent.                          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** November 30, 2020

---

Writ of Procedendo
Motion No. 541871
Order No. 542451

---

### *Appearances:*

Damien L. Peterson, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} On September 28, 2020, the relator, Damien L. Peterson, commenced this procedendo action against the respondent, Judge Sherrie Miday, to compel the judge to rule on Peterson's "Motion to vacate void judgment and

sentence due to lack of subject-matter jurisdiction," which he filed on May 28, 2020, in the underlying case, *State v. Peterson*, Cuyahoga C.P. No. CR-19-639520-A. On October 20, 2020, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of lack of jurisdiction. Peterson filed a brief in opposition on November 2, 2020. For the following reasons, this court grants the respondent's motion for summary judgment and denies the application for a writ of procedendo.

{¶ 2} In the underlying case, the trial court found Peterson guilty of four counts of aggravated robbery, four counts of theft, and four counts of having weapons while under disability, all with multiple firearm specifications, and in a November 20, 2019 journal entry imposed a prison sentence of 39 years to 41.5 years. Peterson, represented by counsel, appealed to this court on December 16, 2019. *State v. Peterson*, 8th Dist. Cuyahoga No. 109306. This case is currently pending.

{¶ 3} In the subject motion, Peterson argues that there were multiple defects in the initial complaint; it was not a sworn document and lacks a file-stamp. Thus, it failed to vest jurisdiction in the court. Similarly, the affidavit for establishing probable cause was not sworn and fatally defective. Furthermore, he was not provided with a timely preliminary hearing. Because these prerequisites were not fulfilled, Peterson argues that his subsequent indictment is void ab initio. Because the subject motion has been pending for more than four months without a resolution, he seeks the writ of procedendo to obtain a ruling.

{¶ 4} The writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee. v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 42, 553 N.E.2d 1254 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for purpose of controlling or interfering with ordinary court procedure. Procedendo will not issue if the relator has or had an adequate remedy at law. *State ex rel. George v. Burnside,* 8th Dist. Cuyahoga No. 90531, 2007-Ohio-6632.

{¶ 5} The respondent judge argues that she cannot rule on the motion because the pending appeal deprives her of jurisdiction. The filing of a notice of appeal divests the trial court of jurisdiction to act inconsistently with the appellate court's jurisdiction to review, affirm, modify, or reverse the appealed judgment. *State v. Rogers*, 8th Dist. Cuyahoga No. 101063, 2014-Ohio-3924, ¶ 5; *State ex rel. Dobson v. Handwork*, 159 Ohio St.3d 442, 2020-Ohio-1069, 151 N.E.3d 613. In *Dobson*, the Supreme Court of Ohio issued a writ of prohibition and ordered rulings on post-judgment motions vacated because the trial judge lacked jurisdiction to rule on those motions once an appeal had been filed.

{¶ 6} In *State v. Corrigan*, 8th Dist. Cuyahoga No. 95139, 2010-Ohio-4364, the state of Ohio sought a writ of mandamus to compel a judge to rule on a 60(B) motion. However, the state had also filed an appeal that was currently pending.

This court held that the mandamus complaint failed to state a claim upon which relief could be granted, because while the appeal was pending the trial court had no jurisdiction to rule on the 60(B) motion. *State ex rel. Robinson v. Lucci*, 11th Dist. Lake No. 2010-L-117, 2011-Ohio-2095.

{¶ 7} In response, Peterson argues that the transfer of jurisdiction principle is not applicable because his motion argues that the trial court's judgment is void for lack of subject-matter jurisdiction. A court has the inherent power to vacate a void judgment, and subject-matter jurisdiction may be raised at any time. *State v. Bedford*, 184 Ohio App.3d 588, 2009-Ohio-3972, 921 N.E.2d 1085 (9th Dist.). However, this argument is not persuasive. The purpose of the transfer of jurisdiction rule is to prevent the trial court from interfering with the court of appeals' jurisdiction to affirm, modify, or reverse the trial court's judgment. Allowing the trial court to rule on a motion to vacate would necessarily interfere with appellate jurisdiction. Therefore, the trial court does not have jurisdiction to rule on the subject motion, and procedendo will not issue.

{¶ 8} Accordingly, this court grants the respondent judge's motion for summary judgment and denies the application for a writ of procedendo. Relator to pay costs. The court instructs the clerk to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**{¶ 9}** Writ denied.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR