[Cite as *State v. Smith*, 2021-Ohio-3471.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200366 |
| | | TRIAL NO. B-1505510 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| WILLIAM ANTONIO SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  October 1, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William A. Smith*, pro se.

**CROUSE, Judge.**

{¶1} Defendant-appellant William Antonio Smith appeals the Hamilton County Common Pleas Court's judgment denying his "Motion for Subpoena of Hospital Records and Jail Phone Conversations Between Defendant and Counsel." We affirm the court's judgment.

*Procedural Posture*

{¶2} In 2017, Smith was convicted on two counts of murder and a single count of having weapons while under a disability. He unsuccessfully challenged his convictions on direct appeal and in a petition under R.C. 2953.21 for postconviction relief. *See State v. Smith*, 1st Dist. Hamilton No. C-170028, 2018-Ohio-2504, *appeals not accepted*, 154 Ohio St.3d 1444, 2018-Ohio-4962, 113 N.E.3d 553; *State v. Smith*, 1st Dist. Hamilton No. C-190162, 2020-Ohio-1370.

{¶3} In February 2019, Smith filed an application for DNA testing. The common pleas court denied the application in August 2019, and Smith appealed.

{¶4} That appeal, in the case numbered C-190558, was still pending,[1] when, in August 2020, Smith filed with the common pleas court his "Motion for Subpoena of Hospital Records and Jail Phone Conversations Between Defendant and Counsel." The common pleas court denied that motion in September 2020. This appeal followed.

{¶5} In this appeal, Smith presents two assignments of error that may fairly be read together to challenge the denial of his "Motion for Subpoena of Hospital

---

[1] In April 2021, in the appeal from the denial of Smith's DNA-testing application, this court remanded to the common pleas court for the limited purpose of "provid[ing] an explanation for its denial of Mr. Smith's DNA-testing request." *State v. Smith*, 1st Dist. Hamilton No. C-190558, 2021-Ohio-1389. The common pleas court fulfilled that mandate with its June 2021 entry setting forth the reasons for denying the application. This appeal remains pending before this court.

Records and Jail Phone Conversations Between Defendant and Counsel." We do not reach the merits of those assignments of error, because we have no jurisdiction to review the denial of that motion.

*No Common Pleas Court Jurisdiction*

{¶6} In his "Motion for Subpoena of Hospital Records and Jail Phone Conversations Between Defendant and Counsel," Smith invoked R.C. 2937.19 to ask the common pleas court to issue a subpoena for evidence "material" to his guilt of the offenses of which he had been convicted. R.C. 2937.19 authorizes the issuance of subpoenas for a preliminary hearing, and not, as Smith would have it, for the purpose of pursuing postconviction relief. The motion did not otherwise designate a rule or statute under which the relief sought may be granted. Thus, the common pleas court was left to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶7} But the motion was not reviewable by the common pleas court under any postconviction procedure provided by statute or rule. The motion was not reviewable under the standards provided by R.C. 2953.21 et seq., governing the proceedings on a petition for postconviction relief, because it did not seek relief from Smith's criminal convictions based on a constitutional violation during the proceedings resulting in those convictions. *See* R.C. 2953.21(A)(1). Nor was the motion reviewable as a motion to withdraw a guilty or no-contest plea under Crim.R. 32.1 or a motion for a new trial under Crim.R. 33, when Smith was convicted, not upon guilty or no-contest pleas, but following a jury trial, and the motion did not seek a new trial. The motion was not reviewable under R.C. Chapter 2731 as a

3

petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, because the motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to entertain the motion under Civ.R. 60(B), because Smith's convictions were reviewable and had, in fact, been reviewed, under the procedures provided for a direct appeal.

*No Court of Appeals Jurisdiction.*

{¶8} Moreover, this court has no jurisdiction to review the common pleas court's entry denying Smith's "Motion for Subpoena." Article IV, Section 3(B)(2), of the Ohio Constitution, confers upon an intermediate appellate court only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."

{¶9} An appeals court has jurisdiction under R.C. 2953.02 and 2953.08 to review a judgment of conviction entered in a criminal case. But the entry overruling Smith's "Motion for Subpoena of Hospital Records and Jail Phone Conversations Between Defendant and Counsel" is plainly not a judgment of conviction.

{¶10} An appeals court also has jurisdiction under R.C. 2953.23(B) to review an order denying a petition for postconviction relief. But, as we determined, Smith's motion was not reviewable by the common pleas court under the postconviction statutes.

{¶11} Finally, an appeals court has jurisdiction under R.C. 2505.03(A) to review and affirm, modify, or reverse a "final order, judgment or decree." For

4

purposes of that grant of jurisdiction, an order is "final" if it "affects a substantial right in an action [and] in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). An order is also "final" if it is "made in a special proceeding," that is, in "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(2) and (A)(2). And an order is "final" if it "grants or denies a provisional remedy." A "provisional remedy" is a remedy in "a proceeding ancillary to an action." And an order granting or denying a provisional remedy is final, when the order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(A)(3) and (B)(4).

{¶12} Thus, under R.C. 2505.03(A), an intermediate appellate court has jurisdiction to review an inferior court's order only if that order was entered in an "action" or "proceeding." But the common pleas court's entry denying Smith's "Motion for Subpoena" was not made in any "action" or "proceeding" then pending before that court.

{¶13} The "Motion for Subpoena" itself did not commence an "action" or "proceeding" before the common pleas court. As we determined, the motion was subject to dismissal for lack of jurisdiction, because it was not reviewable by the common pleas court under any postconviction procedure provided by statute or rule.

{¶14} Nor could the entry denying the "Motion for Subpoena" be said to have been made in the "proceeding" commenced upon Smith's application for DNA

5

testing. The DNA-testing application was filed and denied, and its denial was appealed, in 2019. Then, in 2020, while that appeal was pending, the "Motion for Subpoena" was filed and denied, and its denial is here appealed. The appeal from the denial of the DNA-testing application had divested the common pleas court of jurisdiction to take any further action upon the DNA-testing application, except in aid of that appeal. *See State ex rel. Dobson v. Handwork*, 159 Ohio St.3d 442, 2020-Ohio-1069, 151 N.E.3d 613, ¶ 17, citing *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. And Smith's "Motion for Subpoena" cannot be read to seek relief in aid of that appeal.

{¶15} Thus, the entry from which this appeal derives, denying the "Motion for Subpoena," was not, as required by R.C. 2505.02, made in any "action" or "proceeding" then pending before the common pleas court. Therefore, R.C. 2505.03(A) does not confer upon this court jurisdiction to review the denial of the motion.

*Appeal Dismissed*

{¶16} This court has no jurisdiction to review the entry denying Smith's "Motion for Subpoena of Hospital Records and Jail Phone Conversations Between Defendant and Counsel." Accordingly, we dismiss the appeal.

Appeal dismissed.

**BERGERON, P.J.,** and **BOCK, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.