[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Riley*, Slip Opinion No. 2024-Ohio-5712.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5712

THE STATE OF OHIO, APPELLEE, *v.* RILEY, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Riley*, Slip Opinion No. 2024-Ohio-5712.]**

*Criminal law—R.C. 2953.73—Postconviction DNA testing—Trial court did not comport with the requirements of R.C. 2953.73(D) when, after summarily denying an application for postconviction DNA testing, it adopted verbatim proposed findings of fact and conclusions of law without engaging in the analysis required by R.C. 2953.73(D)—Court of appeals' judgment reversed and cause remanded to trial court.*

(No. 2023-1149—Submitted July 24, 2024—Decided December 9, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 112302, 2023-Ohio-2588.

_____

DONNELLY, J., announced the judgment of the court, with an opinion joined by STEWART and BRUNNER, JJ.  DEWINE, J., concurred in judgment only, with an opinion joined by KENNEDY, C.J., and DETERS, J.  FISCHER, J., dissented and would

dismiss the appeal as having been improvidently accepted.

**DONNELLY, J., announcing the judgment of the court.**

### INTRODUCTION

**{¶ 1}** Appellant, Michael Riley, argues that the summary denial of his application for postconviction DNA testing was error and that the trial court's perfunctory adoption of appellee the State of Ohio's proposed findings of fact and conclusions of law offends the standards set forth in R.C. 2953.73(D).  We agree, and we therefore reverse the judgment of the Eighth District Court of Appeals and remand the case to the trial court for further proceedings.

### FACTS AND PROCEDURAL HISTORY

**{¶ 2}** In July 2016, Riley was indicted in the Cuyahoga County Common Pleas Court for aggravated murder, felony murder, attempted murder, four counts of felonious assault, discharge of a firearm on or near prohibited premises, improperly handling a firearm in a motor vehicle, and having a weapon while under a disability.  The charges stemmed from an incident taking place in Cleveland on June 5, 2016, during which shots were fired from a driver's side rear window of a car that was pulling out of a bar's parking lot and struck and killed one person and injured another.  *See State v. Riley*, 2019-Ohio-981, ¶ 3 (8th Dist.).  Riley waived his right to a jury trial.  After a bench trial, the trial court found Riley not guilty of aggravated murder because, according to the trial court, the identity of the person who had fired the gun or guns from the car could not be determined.  *See id.* at ¶ 38. The trial court found Riley guilty of the remaining offenses under a complicity theory, *see id.*, and sentenced him to an aggregate prison term of 26 years to life, *id.* at ¶ 4.

**{¶ 3}** On direct appeal, the Eighth District affirmed Riley's convictions.  *Id.* at ¶ 39-60.  We denied Riley's motion for leave to file a delayed appeal from the Eighth District's judgment.  *State v. Riley*, 2021-Ohio-717.

2

**{¶ 4}** In October 2022, Riley filed an application seeking DNA testing of six shell casings discovered at the scene of the shooting. At the time of trial, lab testing detected an "insufficient quantity of human DNA" on the swabs collected from the overall outer surface of the casings. Riley argued in his application that "advancements in DNA testing technology not available" at the time of his trial made it possible to test the casings again and yield a result that would exclude him as the shooter or establish who the shooter was.

**{¶ 5}** The State opposed Riley's application, noting that the swabs collected from the six shell casings had been consumed during the lab testing and therefore could not be tested again, that it was unclear whether further DNA could be extracted from the casings for testing because the casings had already been swabbed for DNA, and that, in any event, Riley had failed to demonstrate any advances in DNA technology since the initial testing that would yield a different result. The State also argued that because Riley had been found guilty of the offenses under a complicity theory, additional DNA testing would not produce an outcome-determinative result.

**{¶ 6}** On December 13, the trial court summarily denied the application for postconviction DNA testing without explanation. Riley filed a notice of appeal on January 9, 2023. Later that same day, the State submitted proposed findings of fact and conclusions of law regarding the denial of the application, which the trial court adopted verbatim three days later on January 12.

**{¶ 7}** The record on appeal was filed in the court of appeals on January 11. On January 23, Riley filed an appellate brief in which he argued that the trial court had failed to comply with R.C. 2953.73(D) when it summarily denied the application for postconviction DNA testing without explanation. On February 17, the court of appeals permitted the record to be supplemented with the trial court's adopted findings of fact and conclusions of law. Because of this "unique situation" (i.e., that the findings of fact and conclusions of law were filed by the trial court

after the appeal was filed), the court of appeals granted Riley leave to submit a reply brief. No. 112302 (8th Dist. Mar. 1, 2023). In his reply brief, Riley argued that the trial court erred in adopting the State's proposed findings of fact and conclusions of law without allowing Riley an opportunity to respond to the State's proposal and that two of the conclusions of law were erroneous.

{¶ 8} The court of appeals affirmed the trial court's judgment, concluding that although the trial court initially failed to comply with R.C. 2953.73(D) by summarily denying the application for postconviction DNA testing, the trial court corrected the error by issuing findings of fact and conclusions of law supporting its denial of the application. *See* 2023-Ohio-2588, ¶ 18-27 (8th Dist.). The court of appeals further concluded that even if the DNA testing were to exclude Riley, that result would not have changed the outcome, given that Riley was complicit in the offenses at issue. *See id.* at ¶ 28-49.

{¶ 9} This court accepted Riley's discretionary appeal on the following proposition of law: "[A] trial court commit[s] error when it immediately adopts the proposed judgment entry of one party without affording the other party a meaningful opportunity to be heard." *See* 2023-Ohio-4695.

**ANALYSIS**

{¶ 10} An appeal as of right is taken by filing a timely notice of appeal with the clerk of the trial court. App.R. 3(A). "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 2005-Ohio-3215, ¶ 9, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). In other words, "[t]he trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Id.*, citing *Special Prosecutors* at 97 and *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44 (1990). Intermediate appellate courts have concluded that explaining the reason for a decision after an appeal has been filed is an act in aid of the appeal and that such

4

an act is therefore consistent with the appellate court's jurisdiction. *See, e.g.*, *State v. Diol*, 2019-Ohio-2197, ¶ 13, fn. 1 (1st Dist.) (after a notice of appeal was filed, trial court issued findings of fact and conclusions of law to support its denial of a motion to withdraw a guilty plea); *State v. McGraw*, 2012-Ohio-3692, ¶ 18 (8th Dist.) (after a notice of appeal was filed, trial court issued findings of fact and conclusions of law to support its denial of a postconviction petition). *But see State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774, ¶ 28 (if a trial court errs by failing to issue statutorily required findings of fact and conclusions of law in denying postconviction relief, the petitioner may obtain relief by raising that issue on appeal). Relying on *McGraw*, the Eighth District here permitted the record to be supplemented with the trial court's adopted findings of fact and conclusions of law. Although the question whether a trial court may correct its own error after an appeal has been filed is an interesting one, this court did not accept jurisdiction over that question and we will therefore not address it.

**{¶ 11}** Riley requested DNA testing under R.C. 2953.72(A), which provides that an eligible offender who wishes to request DNA testing "shall submit an application for the testing to the court of common pleas specified" in R.C. 2953.73. An offender is eligible to apply if the offender (1) "was convicted by a judge or jury of [a felony] offense" and (2) has not yet completed all terms of imprisonment, parole, probation, postrelease control, or community control or the felony the offender was convicted of was a sexually oriented offense or child-victim oriented offense and the offender has a duty to register as a sex offender or child-victim offender relative to that felony. R.C. 2953.72(C)(1). Riley was convicted after a bench trial of several felony offenses and is still incarcerated; accordingly, he is an eligible offender.

**{¶ 12}** A trial court shall reject an application for postconviction DNA testing if a prior definitive DNA test was conducted regarding the same biological evidence that the offender seeks to have tested. R.C. 2953.74(A). Further, the trial

court "may accept the application only if" one of two enumerated conditions applies and "the offender shows that DNA exclusion when analyzed in the context of and upon consideration of all available admissible evidence related to the subject offender's case . . . would have been outcome determinative" at the trial stage. R.C. 2953.74(B)(1) and (2). It is axiomatic that there must be some proper biological material to test. *See* R.C. 2953.74(C)(1), (2), and (6). The identity of the person who committed the offense must have been an issue in dispute at the trial stage. R.C. 2953.74(C)(3). Finally, the hypothetical DNA result must be capable of being outcome determinative[1] if introduced in evidence at the trial stage or a retrial of the offender. R.C. 2953.74(C)(4) and (5). The statutory scheme "requires the trial court reviewing an application for postconviction DNA testing to presume that an 'exclusion result'—that is, a result that 'scientifically precludes or forecloses' the offender as a contributor, R.C. 2953.71(G)—will be obtained by the offender." *State v. Scott*, 2022-Ohio-4277, ¶ 11, quoting R.C. 2953.74(C)(4).

{¶ 13} In considering whether to accept or reject an application for postconviction DNA testing from an eligible person, trial courts are required to "consider the application, the supporting affidavits, and the documentary evidence and, in addition to those materials, shall consider all the files and records pertaining to the proceedings against the applicant, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript and all responses to the application." R.C. 2953.73(D). Although trial courts are not required to hold an evidentiary hearing, they are required to "enter a judgment and order that either accepts or rejects the application and that includes within the judgment and order the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code." *Id.*

---

1. R.C. 2953.71(L) defines "outcome determinative," which, though not relevant to our discussion, will be important to the trial court on remand.

{¶ 14} We now consider whether the trial court's adoption of the State's proposed findings of fact and conclusions of law complied with the statutory requirements. This court recently stated that a

> trial court's verbatim adoption of the state's proposed findings of fact and conclusions of law, in an entry journalized the next business day after the state's filing, is not in and of itself erroneous. The timing and form of the entry does, however, make it appear less likely that the court actually considered the entirety of the trial record and the matters filed by the parties pursuant to R.C. 2953.21(D). The United States Supreme Court has criticized the practice of adopting a prevailing party's proposed findings of fact and conclusions of law verbatim, and it has implied that the practice might be suspect in certain postconviction scenarios.

*State v. Bunch*, 2022-Ohio-4723, ¶ 28, fn. 2, citing *Jefferson v. Upton*, 560 U.S. 284, 294 (2010).

{¶ 15} Here, the trial court adopted verbatim the State's proposed findings of fact and conclusions of law three days after the State filed it. That alacrity is not necessarily problematic if there were indications that the trial court had fulfilled its statutory duties under R.C. 2953.73(D). Indeed, amicus curiae Ohio Attorney General Dave Yost correctly notes in his amicus brief that no procedural rule prohibits "trial courts from adopting a party's proposed findings of fact and conclusions of law." Reviewing the findings of fact and conclusions of law that the trial court adopted here, however, reveals that "[t]he timing and form of the entry . . . make it appear less likely that the court actually considered the entirety of the trial record and the matters filed by the parties," *Bunch* at ¶ 28, fn. 2; *see also*

R.C. 2953.73(D); *In re Colony Square Co.*, 819 F.2d 272, 275 (11th Cir. 1987) (describing the verbatim adoption of a party's draft of a judicial order as "ghostwriting"); *In re Wisconsin Steel Co.*, 48 BR 753, 762 (Bankr.N.D.Ill. 1985) (a judicial decision that is adopted from a proposed order supplied by a party is "not the work of a neutral arbiter").

**{¶ 16}** For example, the conclusions of law included a finding that the prior DNA test of the six shell casings at issue in the case was "definitive." A "definitive DNA test" "clearly establishes that biological material from the perpetrator of the crime was recovered from the crime scene and also clearly establishes whether or not the biological material is that of the eligible offender." R.C. 2953.71(U). Yet we know that the prior attempt to perform DNA testing on the swabs collected from the overall outer surface of the six shell casings resulted in the detection of an "insufficient quantity of human DNA." Thus, contrary to the adopted findings of fact and conclusions of law, the prior DNA test of the casings clearly did not meet the definition of a definitive DNA test.

**{¶ 17}** A complicating factor in this case is that a new trial-court judge was appointed approximately two weeks after the application for postconviction DNA testing was filed, meaning that the new judge did not have same familiarity with the prior DNA testing as the judge who had conducted the bench trial. *See State v. Gondor*, 2006-Ohio-6679, ¶ 55 ("In many cases, the judge presiding over the postconviction hearing will be the same judge that presided over the underlying trial and stands in an especially strong position to determine the significance of a trial counsel's errors in the original trial."). That does not excuse the new judge's making such an obvious mistake as failing to fulfill the statutory duties set forth in R.C. 2953.73(D). Moreover, such an obvious mistake is just the sort of thing that Riley could have exposed if he had been given an opportunity to respond to the State's proposed finding of fact and conclusions of law. *See State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2014-Ohio-4364, ¶ 34,

("the essence of due process is notice and a meaningful opportunity to be heard"), citing *State v. Mateo*, 57 Ohio St.3d 50, 52 (1991).

{¶ 18} Further evidence that the trial court did not engage in the independent and thorough review required by R.C. 2953.73(D) is that the adopted findings of fact and conclusions of law include at least one typographical error that was in the State's proposed findings of fact and conclusions of law. In short, the fact that the new trial-court judge adopted verbatim the State's proposed findings of fact and conclusions of law so soon after the State filed it convinces us that the new judge adopted the State's position as her own without engaging in the analysis required by R.C. 2953.73(D).

{¶ 19} Another aspect of this case that favors Riley is that the State submitted its proposed findings of fact and conclusions of law after Riley had appealed the trial court's judgment summarily denying the application for postconviction DNA testing. Given this, it is abundantly clear that Riley did not have a meaningful opportunity to be heard with respect to the State's proposed findings of fact and conclusions of law.

## CONCLUSION

{¶ 20} We conclude that the trial court did not exercise independent judgment when it issued its findings of fact and conclusions of law; instead, it rubberstamped the State's proposed findings of fact and conclusions of law, right down to at least one typographical error. This does not comport with the requirements of R.C. 2953.73(D). *See Bunch*, 2022-Ohio-4723, at ¶ 28, fn. 2 (the trial court must actually consider "the entirety of the trial record and the matters filed"). Accordingly, we reverse the judgment of the Eighth District Court of Appeals and remand the case to the trial court with instructions for it to independently consider Riley's application for postconviction DNA testing and enter a "judgment and order that either accepts or rejects the application and that includes within the judgment and order the reasons for the acceptance or rejection

as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code," R.C. 2953.73(D).

Judgment reversed

and cause remanded to the trial court.

_____

**DEWINE, J., joined by KENNEDY, C.J., and DETERS, J., concurring in judgment only.**

{¶ 21} This is a straightforward case that requires only the application of well-settled legal principles to undisputed facts. I would treat it that way.

{¶ 22} Michael Riley filed an application for postconviction DNA testing. The trial court dismissed Riley's application, but it failed to comply with the requirement that it "include[] within [its] judgment and order the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81of the Revised Code," R.C. 2953.73(D).

{¶ 23} Riley appealed the trial court's order dismissing his application, assigning as error that "the trial court abused its discretion in denying [his] application for DNA testing where it failed to provide reasons for the denial as required by R.C. 2953.73(D)," 2023-Ohio-2588, ¶ 10 (8th Dist.). After Riley filed his notice of appeal, the State filed proposed findings of fact and conclusions of law in the trial court, which the trial court subsequently adopted. The Eighth District Court of Appeals then relied on the trial court's post-notice-of-appeal findings of fact and conclusions of law as the basis to overrule Riley's assignment of error.

{¶ 24} Both the trial court and the court of appeals erred. Once Riley filed his notice of appeal, the trial court lacked jurisdiction to issue findings of fact and conclusions of law. "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 2005-Ohio-3215, ¶ 9. The trial court's findings of fact and conclusions of law did "not qualify as 'in aid of the appeal' inasmuch as they [did] not address 'collateral issues like

contempt, appointment of a receiver and injunction.' " *State ex rel. Dobson v. Handwork*, 2020-Ohio-1069, ¶ 17, quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). Rather, they "modified the very substance of the judgment . . . under appeal" and were thus "'inconsistent with the jurisdiction of the appellate court' and [were] therefore void." *Dobson* at ¶ 17, quoting *S.J.* at ¶ 9. Because the trial court's findings of fact and conclusions of law were void, the court of appeals had no authority to consider them.

{¶ 25} The resolution of this case is therefore straightforward. The court of appeals recognized that "in the absence of any further explanation in the record," it would have been required to reverse the trial court's judgment for failure to comply with R.C. 2953.73(D)'s requirement that the trial court include within its judgment and order the reasons for the acceptance or rejection of the application for postconviction DNA testing. 2023-Ohio-2588 at ¶ 16, 20 (8th Dist.). Because the court of appeals lacked the authority to consider the void findings of fact and conclusions of law, we must vacate its judgment. And because the trial court failed to comply with R.C. 2953.73(D), we should reverse its judgment and remand the matter to the trial court.

{¶ 26} Rather than take this straightforward path, the lead opinion ruminates on a variety of issues before ultimately concluding that the matter should be remanded to the trial court. The lead opinion declines to consider the threshold question of the trial court's authority to issue findings of fact and conclusions of law after Riley filed his notice of appeal, characterizing the question as "interesting" but not one that this court accepted for review. Lead opinion, ¶ 10. But the question of a trial court's authority to take action that goes to the very merits of the appeal under review—while "interesting" to the lead opinion—also happens to be one that is answered by settled law. *Dobson* at ¶ 17. And it goes to the very heart of the authority exercised by the court of appeals in this case. We have long

held that "when an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue." *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 279 (1993). We should do so here.

{¶ 27} By failing to confront the trial court's lack of jurisdiction to issue the findings of fact and conclusions of law, the lead opinion creates unnecessary confusion about the scope of a trial court's authority after a notice of appeal has been filed. Even more, the lead opinion perpetuates the errors of the trial and appellate courts by relying on the void findings of fact and conclusions of law as the basis for its holding. As a result, I concur in judgment only.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen L. Hatcher, Assistant Prosecuting Attorney, for appellee.

Patituce & Associates, L.L.C., Joseph C. Patituce, and Megan M. Patituce, for appellant.

Dave Yost, Attorney General, T. Elliot Gaiser, Solicitor General, and Zachery P. Keller, Deputy Solicitor General, urging affirmance for amicus curiae Ohio Attorney General Dave Yost.

Russell S. Bensing, urging reversal for amicus curiae Ohio Association of Criminal Defense Lawyers.

Elizabeth R. Miller, Ohio Public Defender, and Craig M. Jaquith, Assistant Public Defender, urging reversal for amicus curiae Office of the Ohio Public Defender.

_____